THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DAGMAR STOSS, | ) | Case No. 2:09CV01129 DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiff Dagmar Stoss filed applications for Social Security benefits alleging disability beginning on April 29, 2007. Plaintiff was born in 1955, and was 51 years of age at the time of her alleged onset of disability.

After a hearing, an administrative law judge ("ALJ") concluded at step two of the five-part sequential evaluation process, *see* 20 C.F.R. § 416.920, *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that Plaintiff has the following severe impairments: hepatitis C and migraine headaches.  At step three of the evaluation process, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of  the Listings of Impairments (the "Listings), 20 C.F.R. pt. 404, subpt. P, app. 1.  The ALJ found

that Plaintiff retained the residual functional capacity, with some limitations, to perform sedentary work.

Plaintiff's request for review was denied by the Appeals Council and she now seeks judicial review of the decision of the Commissioner of Social Security denying her claim for benefits. Plaintiff contends that the ALJ erred in that: (1) she improperly evaluated Plaintiff's credibility; (2) she improperly determined Plaintiff's residual functional capacity by failing to include all of her impairments; (3) she improperly rejected the opinions of Plaintiff's treating source; and (4) she improperly determined that Plaintiff could return to her past relevant work.

## II. STANDARD OF REVIEW

The Court reviews the ALJ's decision only to determine if the factual findings are supported by substantial evidence and if she applied the correct legal standards. *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). The Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

### III. DISCUSSION

#### A. Credibility

Plaintiff first claims that the ALJ improperly evaluated her credibility regarding her pain. The ALJ found that Plaintiff's statements concerning the intensity, duration and limiting effects of her symptoms were not entirely credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment. (T. 15).

"'Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence.'" *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)(quoting *Diaz v. Secretary of Health & Human Servs*., 898 F.2d 774, 777 (10th Cir. 1990)). The ALJ was not required to set forth "a formalistic factor-by-factor recitation of the evidence" she relied on in evaluating Plaintiff's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). "So long as the ALJ sets forth the specific evidence [she] relies on in evaluating the claimant's credibility", the credibility determination is adequate. *Id*. If the ALJ disbelieved claimant's allegations, she must explain what evidence led her to conclude the claimant's allegations were not credible. *Kepler v. Chater*, 68 F. 3d. 387, 391 (10th Cir. 1995). It appears to this Court that the ALJ did exactly that (Tr. 15-17), and the Court finds nothing amounting to legal error.

3

The Court rejects Plaintiff's specific assertions of error in turn.[1] First, Plaintiff complains that the ALJ failed to cite the record when, the ALJ in not finding her credible stated among other things, that Plaintiff "is not taking the type of pain medication associated with sever disabling pain." (Tr. 15-16). The ALJ states that in reaching her conclusion she considered the entire record. (Tr. 15). The ALJ specifically stated that she reviewed the records of Dr. Root, Plaintiff's pain specialist, whom she found "would have more expertise with limitations for the claimant due to her pain than the referring nurse practitioner". (Tr. 17). She then noted that those records did not reflect any work related limitations, or an opinion of disability. (Tr. 17). Evidence of record reflects that Plaintiff was able to function regardless of her claims of disabling pain and regardless or her medication regimen. *See* Tr. 36, 42-43, 48-49, 50, 53. While it may have been preferable for the ALJ to have elaborated on this topic, viewing her decision as a whole, the Court finds no reversible error.

Second, Plaintiff claims error regarding the ALJ's finding that because she has not been hospitalized due to her hepatitis C she is not credible. Plaintiff's position that there is no case law that suggests a claimant has to be hospitalized in order to be

---

[1]As the Commissioner notes, the particular assertions of error of which Plaintiff complains are but a few of many reasons given by the ALJ for her decision regarding Plaintiff's credibility. *See* Tr. 15-16.

4

credible is of no avail. *See Sherman v. Barnhart*, 192 Fed. Appx. 801, 804-05 (10th Cir. 2006)(upholding ALJ's credibility finding where ALJ relied in part on the fact that claimant "had not been hospitalized since her alleged disability onset date"); *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988)(frequency of medical contacts and extensiveness of attempts to obtain relief may be considered in evaluating credibility).

Third, Plaintiff claims error for the ALJ's failure to cite to the record when, as support for her position on Plaintiff's credibility, the ALJ stated that "the claimant's medical records from her primary medical source are brief and do not show any work related limitations". (Tr. 16). As the Commissioner suggests, it appears that the ALJ was referring to Dr. Root, Plaintiff's pain management doctor. Those records, in fact, are relatively brief and do not reflect any work related limitations. The ALJ rejected the opinion of Plaintiff's nurse practitioner, Nancy Davis. (Tr. 16-17).

Fourth, Plaintiff claims that the ALJ failed to adequately evaluate her daily activities because "not only are [her] activities as reported very limited and performed with lots of help and extra rest, but she is only able to perform them sporadically...." Open. Br. at 10. However, substantial evidence of record supports the ALJ's findings regarding Plaintiff's daily activities. *See e.g.*, Tr. at 36, 42-43, 48-50, & 142.

5

Finally, the Court rejects Plaintiff's contention that the ALJ ignored testimony of her having increased migraine headaches and that some of her medications were no longer working, when the ALJ stated that "she reported that she has had these migraine headaches her whole life" and [h]er work history shows that she was able to work for many years". (Tr. 16). *See* Cowan v. Astrue, 552 F.3d 1182, 1191 (10th Cir. 2008)("ALJ found that [claimant] 'previously worked with these [longstanding] impairments, which suggest these conditions would not currently prevent work' ... [and] show[s] that the ALJ affirmatively linked her credibility determinations to substantial evidence in the record.").

**B. Residual Functional Capacity Assessment**

Plaintiff next contends that "the ALJ failed to include any limitations in her residual capacity assessment for [her] migraine headaches and pain from her hepatitis C despite finding that these were both severe impairments that would significantly impact her ability to perform work related tasks." Open. Br. at 12.

At step four, the ALJ must consider whether the claimant's "impairment or combination of impairments prevents [her] from performing [her] past work." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)(internal quotation marks and citation omitted). In assessing Plaintiff's residual functional capacity the ALJ stated that she considered "all symptoms and the extent to

6

which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." (Tr. 15). The ALJ also "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." *Id*. The lower court is generally taken at its word when it states that it has considered a matter. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)("our general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter").

It is clear from the record that the ALJ considered Plaintiff's allegations "that she is disabled due to her frequent migraine headaches, fatigue, pain and hepatitis C" ,(Tr. 15), but found Plaintiff's statements regarding the limiting effects of her symptoms not entirely credible. As noted, credibility determinations are for the finder of fact and will not be upset if supported by substantial evidence. The Court finds that the ALJ's credibility determinations are supported by substantial evidence of record.

**C. Evaluation of Treating Source Opinion Evidence**

Plaintiff's position that the ALJ failed to properly evaluate the opinions of Nancy Davis, her treating nurse practitioner also is rejected. For the reasons cited by the Commissioner in his

7

Answer Brief, the Court agrees that Ms. Davis was not a treating source and her opinions were not entitled to controlling weight. The ALJ considered and rejected Ms. Davis' opinions and/or gave controlling wight to the opinions of Dr. Root, Plaintiff's pain management specialist, and she gave reasons for her decision. (Tr. 16-17)

   D.  **Determination Regarding Past Relevant Work**

Finally, the Court rejects Plaintiff's contention, that the ALJ improperly determined that Plaintiff could return to her past relevant work. Plaintiff contends that the ALJ "made no findings at the hearing or in her decision as to the physical and mental demands of any of these positions." Open. Br. at 18.

At step four of the sequential evaluation process the ALJ found that Plaintiff has the residual functional capacity to perform sedentary work with some limitations, and that she could perform her past relevant work as a finance counselor, receptionist and office manager. (Tr. 15-17).

The record reflects that Plaintiff, in response to questions by her counsel[2], testified that as a financial counselor she assisted doctors' patients with insurance forms and made related

---

[2] *See Branum v. Barnhart*, 385 F. 3d 1268, 1271 (10th Cir. 2004)(citation omitted)("'the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored,'" and the ALJ "'may ordinarily require counsel to identify the issue or issues requiring further development'").

8

phone calls; as an office manager, she scheduled appointments for a doctor; and, as a receptionist she did typical receptionist work. (Tr. 23-28). The Court agrees with the Commissioner that in view of Plaintiff's testimony on her past work, albeit meager, which the ALJ appropriately relied upon, the record is sufficient to support the ALJ's determination that Plaintiff could perform her past work.

### IV. CONCLUSION

Because, the record contains substantial evidence from which the Commissioner reasonably could conclude that Plaintiff was not disabled within the meaning of the Social Security Act, the decision of the Commissioner as to the Plaintiff Dagmar Stoss is affirmed.

DATED this 2nd day of September, 2010.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT